UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11793-RGS

MARCY CRUZ, Administratrix of the Estate of Lamont S. Cruz

v.

JUSTIN KAGAN, ARTHUR HEGARTY, RONALD TEACHMAN, and
CITY OF NEW BEDFORD

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO STRIKE EXPERT REPORTS
OF CHARLES V. WETLI AND REGINALD F. ALLARD

June 22, 2011

STEARNS, D.J.

Defendants move to strike two of the three export reports submitted by plaintiff

Marcy Cruz in opposition to defendants' motion for summary judgment. Defendants

further seek to preclude the testimony of the two nominated expert witnesses should

the case proceed to trial. With respect to both expert witnesses, defendants challenge

their testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

*Daubert* imposes a duty on federal trial judges to play the role of "gatekeeper,"

insuring that the fact-finding process does not become distorted by "expertise that is

*fausse* and science that is junky." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137,

159 (1999) (Scalia, J., *concurring*). Two gateposts frame the exercise of a judge's

discretion to admit or exclude expert testimony. First, the witness must be shown to be

sufficiently qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, the Federal Rules of Evidence require that the judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but [also] reliable" (and helpful to the finder of fact). *Daubert*, 509 U.S. at 589. "[T]he trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-593 (footnote omitted).

*Daubert*, as stressed in the advisory note to the December 1, 2000 amendment to Rule 702, "did not work a 'seachange over federal evidence law,' and 'the trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system.'" Fed. R. Evid. 702 (citation omitted) *Cf. United States v. Mitchell*, 365 F.3d 215, 245 (3d Cir. 2004) (Becker, J.) ("[T]he court is *only* a gatekeeper, and a gatekeeper alone does not protect the castle[.]"). "*Daubert* does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct. . . . In short, *Daubert* neither requires nor empowers trial courts to determine which of several competing theories has the best

provenance. It demands only that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion." *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998 (citations omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. *See also Milward v. Acuity Specialty Prods. Grp., Inc.*, 639 F.3d 11, 16 (1st Cir. 2011)

With respect to the report by Dr. Charles Wetli, a forensic pathologist, I do not understand defendants to challenge his qualifications, but rather the adequacy of his report and the methodology on which he relies. The report is brief, but it adequately identifies the materials on which Dr. Wetli relied in reaching his opinion and the basis for that opinion. Wound ballistics (the study of the effects on the human body of penetrating projectiles) is a reasonably accepted forensic science with a published, peer-reviewed methodology. *See, e.g.*, K.G. Sellier & B.P. Kneubuehl, *Wound Ballistics: And the Scientific Background* (Elsevier 1994). Defendants' motion to strike with respect to Dr. Wetli is DENIED.

With respect to Reginald F. Allard, plaintiff's proposed expert on police practices and procedures, defendants' motion is ALLOWED. Allard, a retired police

officer doing business as 13th Juror, LLC, offers "consultancy services" with respect to police practices. His proposed testimony consists of legal opinions as to the lawfulness of the defendant officers' presence at the scene of the shooting and the reasonableness of their conduct with respect to the deceased. Although Allard's report cites numerous court cases, there is nothing in his background that would qualify him to render opinions on highly technical legal matters. Moreover, his proffered expert testimony (perhaps better characterized as expert argument) encroaches unacceptably on the functions of the court as the arbiter of law and the jury as the arbiter of fact.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE